EDITH W. BALCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95146. Promulgated April 24, 1941.

270

*William R. Seaman, Esq.,* for the petitioner.
*Paul A. Sebastian, Esq.,* for the respondent.

**OPINION.**

DISNEY: The question presented is whether the petitioner is entitled to deduct as a loss an amount paid by her to the trust set up by her to pay a statutory assessment upon bank stock owned by the trust. The parties seem in agreement that the bank stock became worthless in a prior year, so that the assessment constituted a capital loss either to the trust or to the petitioner, and we so assume. The petitioner's view is, in substance, that under section 167 (a) (2) and (b), Rev-

enue Act of 1934,[1] capital gains constituted income to her because the trustee, having no substantial adverse interest in the disposition of income, could in its discretion distribute such capital gains to her, and that therefore she is entitled to a capital loss in the amount of the assessment. The respondent takes the position that the loss is that of the fiduciary.

We have held that, where a trustee with no substantial adverse interest in disposition of income may distribute capital gain to the trustor, such trustor is taxable upon capital gain as income. *Georgia B. Lonsdale*, 42 B. T. A. 847; *H. Cecil Sharp*, 42 B. T. A. 336; *Malcolm W. Greenough*, 29 B. T. A. 315. Under such decisions, it is apparent and we hold, that here the petitioner was taxable upon any capital gains so distributable to her. Does it follow that she is entitled to the capital loss contended for? In *County National Bank & Trust Co. of Santa Barbara, Executor*, 39 B. T. A. 357, we held that a capital loss sustained by an estate in process of administration is personal to the estate as a taxable entity and that a sole devisee and legatee receiving the income may not deduct from such income any part of the capital loss, and we said that no distinction could in that respect be made between estates in process of administration and trusts, the statute itself making no distinction. Our holding in *Peoples National Bank of Charlottesville, Virginia, Administrator*, 39 B. T. A. 565, was to the same effect. In *T. Rosslyn Beatty*, 28 B. T. A. 1286, the beneficiaries, like the petitioner-beneficiary herein, received income quarterly "to be made from the income, so far as possible, and if the income be not sufficient, then to be paid from the principal of said trust estate." The beneficiaries were also the remaindermen. Yet, we held that the beneficiaries were not entitled to deduct capital losses of the trust on their individual income tax returns. In *Anderson* v. *Wilson*, 289 U. S. 20, the situation did not, in essence, differ from that herein. The trustees were authorized by the will to distribute the proceeds of sales of corpus or retain the same, in the meantime paying net income semiannually to those entitled to receive it. Yet, the Court held that capital losses were not deductible by the beneficiaries. We have here no case of naked trust or mere conduit to the beneficiary, but a taxable entity which the petitioner's brief expressly concedes is

---

[1] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

\* \* \* \* \* \* \*

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

\* \* \* \* \* \* \*

then such part of the income of the trust shall be included in computing the net income of the grantor.

(b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question."

separate from that of the petitioner. We conclude and hold that the provisions of section 167 (a) (2) do not entitle the petitioner to deduct the bank stock assessment as capital loss. The fact that she advanced the amount necessary to pay such assessment is immaterial, and amounts to a capital contribution to the trust.

The petitioner further takes the position that, regardless as to whether entitled to receive the capital gains of the trust, she is personally liable, as beneficial owner of the stock, for the assessment and therefore may deduct as loss the assessment paid. The argument we consider untenable, for the reason that the petitioner can not be said to be the complete beneficial owner of the bank stock merely because she has a right for life to the ordinary trust income, with discretion in the trustee to distribute corpus. The remainderman has an interest in the corpus, and at least participates in the beneficial ownership of the bank stock included therein, as to which the assessment was laid. In our opinion *Anderson* v. *Wilson, supra,* plainly indicates that the petitioner herein has no beneficial ownership in the corpus such as to cause disregard of the trust entity, or permit deduction by the petitioner of its capital losses. Therefore, under the provisions of the stipulation as to amount of any deficiency,

> *Decision will be entered that there is a deficiency in the amount of $2,119.98.*